KREBS *v.* COON.

4-8537                                                    210 S. W. 2d 812

Opinion delivered May 3, 1948.

*D. H. Crawford* and *H. H. McKenzie,* for appellant.

*Agnes F. Ashby* and *J. H. Lookadoo,* for appellee.

SMITH, J. This is a suit to recover the balance alleged to be due on a contract to stack lumber and from a judgment in appellee's favor is this appeal.

The issues involved are stated in the instructions of the court, which are copied as a statement of the case. Instruction No. 1 reads as follows:

"The plaintiff has brought this suit against the defendant for a sum of money which he claims is due him for certain work he performed and had performed at defendant's lumber yard at Boughton. Mr. Coon, the plaintiff, claims that in connection with his job of stacking lumber at Mr. Krebs' lumber yard he had an understanding with the defendant, or his agents in charge of the yard, for Mr. Coon to have himself and his men, Coon's men, unload trucks of lumber and sort or separate that lumber and that for that, according to Mr. Coon's contention, Coon was to receive from the defendant, however much that cost; that is, Mr. Coon was not to lose anything. He claims he had a contract or working agreement with the defendant to stack lumber at this lumber yard and also to unload trucks and separate the various kinds of lumber there and stacking it.

"Now, Mr. Krebs contends that Mr. Coon's job was to stack and that the lumber stacking job included all the things that he is claiming pay for here today and that he has been paid for it. Mr. Coon claims that his job was stacking lumber and in addition thereto, that he had a separate agreement to unload the trucks and to sort or separate the various dimensions of the lumber and the kinds of lumber in the stacks as well as stacking it, and that he, according to that agreement and understanding, is entitled to receive whatever it was worth—whatever it actually cost him from Krebs for what he claims was additional work for unloading the trucks and sorting the lumber and building a few stack bottoms. Mr. Krebs claims his contract was to stack lumber, but that contract included all these things and that the price he was paying for stacking the lumber included pay for whatever he did about unloading the trucks, if anything, and for sorting and separating the lumber.

"Now, there is another item that is independent of this. There is an item for checking lumber at $3 per day which is separate still from all these matters. Plaintiff claims that he is entitled to $45 for 15 days' work for checking lumber for which he hasn't been paid and defendant denies he owes that. But, that is a little different

from the main thing. The main thing is the plaintiff's claim for more payment for unloading the trucks, and sorting and separating the timber without having been paid for that and that they agreed to pay him extra for it. The defendant denies it and says it was his duty to do all the things for the price he was paying him for stacking lumber and he claims that he has paid plaintiff for all of it.

"It is simply a question of fact. The burden is on the plaintiff to prove his case by a preponderance of the evidence. In other words, he is required to prove to you that there was such an agreement; that he was to receive extra compensation for unloading the trucks and for sorting the lumber and building the extra stack bottoms. If he proves that to you by a fair preponderance of the evidence, then he should also prove by a preponderance of the evidence how much it was worth. Unless plaintiff has proven those things to you, you will find for the defendant. If you find from the evidence in this case that plaintiff's theory is right as to the contract and that he is entitled to a certain sum of money, you will find for him in that amount. On the other hand, if you find that Krebs' statement is correct and it was all included in the price he was paying, and that it has been paid, then you should find for the defendant, or, if the proof is evenly balanced and you cannot tell which way to go, then you will find for the defendant. The matter of the $45 is a separate item that is independent of this contract with reference to the stacking and sorting of the lumber. If you find by a preponderance of the evidence that he did agree to pay him for that—checking the lumber—which, according to the undisputed evidence was $3 per day, if you find that he did 15 days' work for which he has not been paid, if you find that by a preponderance of the evidence, he should have judgment for the $45. If he didn't work that 15 days, he shouldn't recover anything, and your verdict on that item should be for the defendant."

It appears from this statement of the case that the questions involved are ones of fact, and involve no ques-

tion of law. That this is true is shown by the objection made to the instruction which reads as follows:

"The defendant objects generally to the instruction given by the court and specifically for the reason that there is no testimony in the record as to what the work of unloading trucks and sorting the lumber is worth and in submitting that issue to the jury, the court is submitting an issue not supported by any competent testimony. The defendant further objects because the instruction permits the jury to find what the actual cost to the plaintiff was to stack and unload and sort the lumber and there is no competent testimony, but only the statement of the plaintiff, Coon, that it was worth a certain amount of money for that work."

No other instruction was asked, and the jury was left to determine the questions of fact raised by the testimony, which is in hopeless conflict and cannot be reconciled.

Appellant is engaged in the business of manufacturing and selling lumber and lumber products. Appellee was employed as a lumber stacker and began working under a contract reading as follows:

"I, Conway Coons of Gurdon, Ark., R. 2, agree to serve as foreman and build stack bottoms and supervise and help in the stacking of lumber for the Krebs Lumber Co. Located Boughton, Ark., and managed by Walter W. Jolly, Gurdon, Ark.

"I, Walter Jolly, agree to pay the above Conway Coons for the above service described $2.50 per thousand until we have sufficient stack bottoms built, decided upon by myself. After stack bottoms are built and when they are to be refilled they are to be refilled at the price of $1.50 per thousand.

"All lumber is to be removed from stack bottoms, and loaded on wagons or trucks for the plainers or shipping at the price of ($0.75) seventy-five cents per thousand.

s/ Conway Coon

Walter W. Jolly."

The contract was entered into June 12, 1946, and the undisputed testimony is that Jolly, who signed as a party thereto, was in fact acting for appellant in the capacity of manager or superintendent. The testimony is to the effect that when delivery of the lumber at appellant's yard began it was found to be of mixed dimensions and required sorting. Appellee complained that this was a work which his contract did not require him to perform.

It became necessary to build a number of foundations on which to stack the lumber, called stack bottoms. The contract set out above required appellee to build the stack bottoms, but it did not specify at whose expense the work should be done. It did specify that until a sufficient number of stack bottoms had been built, appellee should be paid at the rate of $2.50 per thousand feet for the lumber stacked. A controversy arose as to the work appellee was required to do, and the price to be paid for doing it, but the testimony fully sustains the finding that an additional contract was made. However, the terms of the additional contract and the amount and value of the work to be done under it is in dispute, and out of this dispute arose the issues of fact submitted to the jury under the instructions above copied.

On these issues the great preponderance of the testimony supports appellant's contention, but the testimony is in dispute and we can only determine whether the testimony offered in appellee's behalf is legally sufficient to support the verdict of the jury, and in determining that question we must give the testimony offered by appellee its highest probative value.

When thus viewed the testimony is to the following effect: Appellee employed and paid his own crew of men in stacking and sorting the lumber and in building the stack bottoms, and in so doing he was an independent contractor. Jolly was superseded as manager by one Mc-Dermott on July 10th, on which day, according to appellee's testimony, a supplemental contract was made with appellant himself to pay for additional work and at an increased price.

Appellee sued for the sum of $801.50 covering work done by himself and by men employed by him from July 10th to August 23rd, on which day, according to appellee's testimony, he was discharged by McDermott. The verdict in his favor was for the sum of $670.50, for which amount judgment was rendered. Appellant insists that this sum is grossly excessive, even though there was a contract to pay appellee for work not covered by the original contract, and further that appellee was paid in full for all work which he did or hired done.

It would serve no useful purpose to recite the conflicting testimony, as to the amount of work appellee did or hired done, and it must suffice to say that while appellee's testimony on this question is not clear as to the exact amount of work done, his testmiony shows work of a value equal to the verdict returned.

Appellee was paid at the end of each week, and a number of receipts were offered in evidence showing payment at the end of each week, which contained such notations as "paid in full" or "paid to date." Appellee testified that he did not observe these notations when he signed the receipts, and that they were intended to cover only the work of stacking under the original contract. As will be observed, the instructions given made no specific reference to this question of fact, and however improbable appellee's explanation of the receipts may appear to be, we cannot say as a matter of law that the jury had no right to accept appellee's explanation as to the purpose of the receipts, and the items which they were intended to cover.

Appellee's testimony is legally sufficient to support the verdict, and the judgment thereon must therefore be affirmed.